## MILLER v. THE COMMISSIONERS OF MONTGOMERY COUNTY.

*Collector's Bond.*

6

Summary proceedings by motion can not be had upon official bond erroneously taken.

THIS cause came before Judges Sherman and Burnet, on a writ of error, at the July term, 1824, in Montgomery county.

It appeared from the record that James L. Miller had been appointed collector for the county of Montgomery, and had executed a bond, payable to the treasurer of Montgomery, conditioned for the faithful performance of his duty. The money contained on the duplicate not having been paid over agreeably to the condition of the bond, the commissioners served the collector with notice of a motion for judgment, and in pursuance of that notice a motion was made before the court of common pleas, and a judgment entered in the name of the commissioners against the collector for the sum claimed to be due, with twelve per cent. damages thereon, and cost of suit. To reverse this judgment, the writ of error was sued out.

ALEXANDER, for the plaintiff, relied on two errors:

First, that the bond, not having been taken agreeably to the statute, was void. Second, that the court were not authorized to render a judgment against the collector for a greater penalty than ten per centum.

272]   *By the COURT:

The statue under which these proceedings were had, requires the collector to give bond "to the commissioners, in behalf of their county, with such security as said commissioners may approve." By this we understand that the bond must be made payable to the commissioners for the use of the county. There is not any provision in the act which authorizes the bond to be made payable to the treasurer, and whatever might be our opinion as to the validity of this bond at common law, and notwithstanding it might support an action of debt in the name of the treasurer for the use of the county, it does not authorize a resort to the summary proceedings allowed by the statute. But if the commissioners were at liberty to take the bond in the name of the treasurer, the proceedings should have been in his name also, in pursuance of the bond.

The second error assigned seems to be predicated on a misapprehension of the statute that governs the case.

The section referred to, giving a penalty of ten per centum, relates to the state tax, and not the county levy, on which the law directs a penalty of twelve per cent. In this respect, therefore, there is no error; but for the first error assigned, the judgment must be reversed.